## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| ELISA RIVERA | ) | Case No. 13-14351-BFK |
| | ) | Chapter 13 |
| Debtor | ) | |
| | ) | |
| ELISA RIVERA | ) | |
| | ) | |
| Plaintiff | ) | Adversary Proceeding |
| v. | ) | No. 13-01280 |
| | ) | |
| JP MORGAN CHASE BANK | ) | |
| | ) | |
| Defendant | ) | |

### MEMORANDUM OPINION ON DEFENDANT'S
### MOTION TO DISMISS COMPLAINT

This matter comes before the Court on the Motion of Defendant, JP Morgan Chase Bank,

N.A. ("Chase"), to Dismiss the Plaintiff's Complaint pursuant to Bankruptcy Rule 7012

(incorporating F.R. Civ. P. 12(b)(6)). Docket Nos. 9 and 10. The Plaintiff has filed an

Opposition. Docket No. 18. The Court heard the arguments of the parties on December 17, 2013.

For the reasons stated below, the Court will grant the Motion.[1]

### The Standard to be Applied on a Motion to Dismiss

Under the Supreme Court's decisions in *Twombly* and *Iqbal*, to survive a motion

to dismiss under Rule 12(b)(6), the complaint must state a claim that is plausible on its face. *See*

---

[1] The Court previously granted a Motion to Dismiss filed on behalf of Venus Properties, LLC, the purchaser of the Property at the foreclosure sale initiated by Chase. Docket No. 12. The Court ruled that there was no allegation that Venus Properties was aware of, or participated in, any of the alleged infirmities in the foreclosure sale conducted by Chase and the Substitute Trustee, and that Venus Properties was protected by Virginia Code § 55-59.1(C) ("Failure to comply with the requirements of notice contained in this section shall not affect the validity of the sale, and a purchaser for value at such sale shall be under no duty to ascertain whether such notice was validly given.")  The Court notes that, in the Complaint, the Plaintiff refers to Venus Properties as "the unsuspecting Defendant VENUS PROPERTIES, LLC." Complaint, ¶ 70.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Twombly*, 550 U.S. at 556. In *Iqbal*, the Court held:"[W]hether a complaint states a plausible

claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense."  556 U.S. at 679.

The Court accepts as true all well-pleaded facts in the Complaint, but is not required to

accept allegations that are legal conclusions. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir.

2012) ("[A]lthough a court must accept as true all factual allegations contained in a complaint,

such deference is not accorded to legal conclusions stated therein. The mere recital of elements

of a cause of action, supported only by conclusory statements, is not sufficient to survive a

motion made pursuant to Rule 12(b)(6)") (citing *Iqbal*, 556 U.S. at 678).

Because the Plaintiff is *pro se*, the Court reviews her Complaint liberally, to ensure that

any potentially valid claims do not fail for a lack of legal specificity. *Gordon v. Leeke*, 574 F.2d

1147, 1151 (4th Cir. 1978).

### The Facts as Alleged by the Plaintiff

The Plaintiff alleges that she was the owner of property located at 8106 Horseshoe

Cottage Circle, Lorton, Virginia ("the Property"). She alleges that she refinanced the loan with

Chase on August 18, 2005. *Id*., ¶ 15. She alleges that the loan was an adjustable rate loan, and

that in September 2007, the loan payments suddenly and dramatically increased. *Id*., ¶¶ 16-18.

The Plaintiff alleges that she had certain discussions with Chase about the loan, in which

Chase represented to her in 2007 that "if you stop paying for 3 consecutive months, *we*

*guarantee* you that you will receive a loan modification and fix this problem." *Id*., ¶ 20

2

(emphasis in original). She alleges that she relied on this promise, and applied for a modification, but that "on or about July 20, 2011, plaintiff was flatly and unequivocally denied." *Id*., ¶ 21. Chase thereafter notified the Plaintiff of a default, and began foreclosure proceedings. *Id., ¶* 23. The Plaintiff alleges that Chase wrongfully foreclosed on the Property on August 15, 2013. Complaint, ¶¶ 5 and 13.

The Plaintiff states in her Complaint that she has been a debtor in bankruptcy before. She alleges that she filed a Chapter 13 petition in this Court on October 17, 2008 (Case No. 08-16415-RGM), but that the case was later dismissed. *Id., ¶* 24. She alleges further that she filed for relief under Chapter 7 on November 12, 2012. Case No. 12-16723-BFK. She acknowledges that she received a discharge and that the case was closed. *Id.*, ¶26. Chase obtained relief from the automatic stay in the Plaintiff's Chapter 7 case, and re-started its foreclosure proceedings against the Property.[2]

The Plaintiff alleges that a foreclosure sale was conducted on May 28, 2013, and that a Trustee's Deed conveying the Property to Venus Properties was recorded on August 15, 2013. *Id*., ¶ 30.

## Discussion

Chase essentially makes two arguments in support of its Motion to Dismiss. First, Chase argues that the Plaintiff lacks standing because she did not list in her Chapter 7 bankruptcy case any of the claims that she now asserts (or alternatively that the Debtor is estoped from asserting these claims for failure to list them in her Chapter 7 case). Second, Chase argues that each of the

---

[2]   The Court can take judicial notice of the filings in the Debtor's Chapter 7 case. *In re Heilig-Meyers Co.,* 328 B.R. 471, 488-89 (E.D. Va. 2005); *In re Ryan,* 472 B.R. 714, 728 (Bankr. E.D. Va. 2012); *In re Giordano*, 472 B.R. 313, fn. 15 (Bankr. E.D. Va. 2012).

claims alleged by the Plaintiff fails to state a legally cognizable claim for relief. The Court will

address each of these arguments, in turn.[3]

### I.      Standing and Estoppel.

Chase raises its standing and estoppel arguments in three forms. First, Chase argues that

the Debtor lacks standing because the Chapter 7 Trustee from the Debtor's prior bankruptcy case

is the rightful owner of the claims, not the Debtor. Second, Chase argues that the Debtor is

judicially estopped from asserting the claims stated in her Complaint, because she failed to list

them in her Chapter 7 case. Third, Chase argues that the Debtor is collaterally estopped because

the Order in the Debtor's present bankruptcy case granting Venus Properties relief from the

automatic stay found that there was a "properly conducted" foreclosure sale.

### A.  Chase's Argument that the Debtor Lacks Standing.

When a debtor files a bankruptcy petition, an estate is created. 11 U.S.C. § 541(a).

Property of the estate includes all legal or equitable interests of the debtor in property as of the

commencement of the case. 11 U.S.C. § 541(a)(1). This definition of property of the estate is

broad enough to encompass all causes of action owned by the debtor as of the filing of her

petition in bankruptcy. *Wilson v. Dollar General Corp.*, 717 F.3d 337, 342-43 (4th Cir. 2013);

*Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.,* 187 F.3d 439, 441 (4th Cir. 1999) ("[i]f a cause

---

[3]  In her Opposition, the Plaintiff suggests that Chase lacks standing to defend this action. Plaintiff's Opposition, p. 3 ("CRITICAL ISSUE: DOES JPMC HAVE ANY STANDING TO DEFEND THIS ACTION?") *See also* Complaint, ¶ 79 ("Plaintiff also alleges that the [defendant] is without legal standing and is not a real party in interest sufficient to foreclose as a matter of law.") A party always has standing to defend itself, when it has been sued. If the Plaintiff is referring here to the fact that the loan may have been securitized, the securitization of the loan does not vitiate its enforceability. *Blick v. JP Morgan Chase Bank, N.A.,* 2012 WL 1030115, at *6 (W.D. Va. 2012); *Brown v. HSBC Mortg. Corp.,* 2011 WL 3101780, at *2 (E.D. Va. 2011).

of action is part of the estate of the bankrupt then the trustee alone has standing to bring that

claim"); *Vanderheyden v. Peninsula Airport Com'n*, 2013 WL 30065, at *8-9 (E.D. Va. 2013).[4]

The Debtor has the affirmative duty to disclose all causes of action, in her Schedules. 11

U.S.C. § 521(a)(1)(B). "A debtor's full and complete compliance with her disclosure obligation

'is required to preserve the integrity of the judicial function of bankruptcy courts' because both

the court and creditors rely on the accuracy of such disclosures in determining how to proceed in

a bankruptcy action." *Vanderheyden*, 2013 WL 30065, at *8 (quoting *USinternetworking, Inc. v.*

*Gen. Growth Mgmt., Inc. (In re USinternetworking, Inc.),* 310 B.R. 274, 282 (Bankr. D. Md.

2004)). Causes of action that were not disclosed in the Debtor's Schedules have not been

administered or abandoned by the Chapter 7 Trustee. Therefore, only the Chapter 7 Trustee has

standing to maintain such claims. *Nat'l Am. Ins. Co.*, 187 F.3d at 441; *Robertson v. Flowers*

*Baking Co. of Lynchburg, LLC*, 2012 WL 830097, at *4 (W.D. Va. 2012).

The timing of the events is critical in this case because the Debtor lacks standing only as

to causes of action that had accrued as of the filing date of her prior Chapter 7 petition.

*Ahteshamuddin v. Residential Credit Solutions Inc*., 2011 WL 4345060, at *2 (D. Md. 2011)

("When a debtor files for bankruptcy, all of his interests in any causes of action that have accrued

prior to the filing of bankruptcy will become a part of the bankruptcy estate…"); *Harms v. Cigna*

*Ins. Companies,* 421 F. Supp. 2d 1225, 1230 (D.S.D. 2006). To determine whether a cause of

action has accrued for standing purposes, the Court looks to applicable non-bankruptcy law.

*Borlo v. Navy Federal Credit Union,* 458 B.R. 228, 232 (D. Md. 2011).

---

[4] The *Wilson* case involved a Chapter 13 Debtor. The Fourth Circuit held in *Wilson* that a Chapter 13 debtor has
standing to maintain pre-petition causes of action against third parties. The Fourth Circuit contrasted Chapter 13
debtor standing with that of Chapter 7 Debtors, noting that in Chapter 7 cases, the Trustee has standing, unless and
until the Trustee abandons or otherwise administers the causes of action.

Although the Debtor asserts that the alleged fraudulent misrepresentation ("if you stop paying for 3 consecutive months, *we guarantee* that you will receive a loan modification and fix this problem") occurred in 2007, she further alleges that the foreclosure did not occur until May 28, 2013, some 3 months after she was discharged and her Chapter 7 case was closed. While the Plaintiff asserts a variety of causes of action, virtually all of the harm claimed in each cause of action is that her home was foreclosed wrongfully in May 2013. *See* Complaint, ¶ 41 ("Plaintiff seeks to quiet title against all persons or entities and have any deed of trust [sic] declared void as a matter of law as of the date title first vested in plaintiff [sic] on or about August 18, 2005"); ¶ 62 ("Plaintiff alleges in the alternative, that in spite of the quiet title action, that she was defrauded out of thousands of dollars in payments proximately caused by such deceit and fraud, and the wrongful foreclosure"); ¶ 70 ("Chase wrongfully and by a corrupt scheme wrongfully foreclosed upon the property"); ¶ 76 ("Plaintiff seeks restoration of title in her name by setting aside the illegal wrongful foreclosure").

In order to prove a claim for actual fraud, the Plaintiff must show: "'(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) *resulting damage to the party misled*.'" *Bank of America, N.A. v. Sands*, 488 Fed.Appx. 704, 708 (4th Cir. 2012) (quoting *Nationwide Ins. Co. v. Patterson*, 229 Va. 627, 331 S.E.2d 490, 492 (1985)) (emphasis added). Had the Plaintiff's causes of action been disclosed to the Chapter 7 Trustee, the Trustee could not have brought any of the claims because the Plaintiff had not yet suffered the harm occasioned by the foreclosure. Notably, the Plaintiff does not allege any causes of action arising out of the closing on her loan in 2007. For example, the Plaintiff does not seek to maintain any claims under the Truth in Lending Act arising from her mortgage loan. Nor does she allege that she suffered any credit

reporting harm under the Fair Credit Reporting Act when the loan went into default. Rather,

virtually all of the harm alleged in her Complaint arises out of the fact that her home was

foreclosed in May 2013.

There are certain exceptions, where the Plaintiff claims damages that preceded her

Chapter 7 filing. *See* Complaint, ¶ 62 ("Damages are accruing from August, 2007 until the

present, now September, 2013 a period of nearly 6 years"); and ¶ 67 ("defrauding plaintiff into

paying sums not owed and doing all of these acts within the past 3 years in a manner violative of

the Act"). For the reasons stated above, the Court finds that the Plaintiff lacks standing to

maintain these pre-November 12, 2012, claims.[5]

The Court will deny the Defendant's Motion to Dismiss on the ground that the Plaintiff

lacks standing, because the claims arising from the allegedly wrongful foreclosure had not yet

accrued at the time of the filing of her Chapter 7 bankruptcy case. The Court will grant the

Motion with respect to any pre-November 12, 2012, damages claimed by the Plaintiff, for which

she lacks standing.

### B.   *Judicial Estoppel.*

"[W]here a party assumes a certain position in a legal proceeding, and succeeds in

maintaining that position, he may not thereafter, simply because his interests have changed,

assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in

the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)

(quoting *Davis v. Wakelee,* 156 U.S. 680, 689 (1895)). This concept, known as judicial estoppel,

protects the integrity of the judicial process, *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (4th

Cir. 1982), and prevents the parties from "playing fast and loose with the courts." *Lowery v.*

---

[5] The Court will also address the substance of all of these allegations in Part II, below.

7

*Stovall*, 92 F.3d 219, 223 (4th Cir. 1996). Judicial estoppel requires proof of four elements: (1) the party must be seeking to adopt an inconsistent position from that taken in prior litigation; (2) the position must be one of fact, not of law; (3) the prior inconsistent position must have been accepted by the court; and (4) the party must have "intentionally misled the court to gain an unfair advantage." *Western Insulation, LP v. Moore,* 316 Fed.Appx. 291, 299 (4th Cir. 2009) (quoting *Tenneco Chems., Inc. v. William T. Burnett & Co*., 691 F.2d 658, 665 (4th Cir. 1982)).

Where a debtor fails to list a potential claim, and fails to amend her Schedules when the claim becomes known, the first three elements of judicial estoppel are generally met. *Payne v. Wyeth Pharmaceuticals, Inc.,* 606 F. Supp. 2d 613, 615-16 (E.D. Va. 2008). Whether the fourth element, that of bad faith, has been met depends on whether the debtor had a motive for concealment. This turns on whether or not the claim would have been exempt from the debtor's creditors. *Id*. at 616.

In this case, the Court finds that the Plaintiff's claims are not barred by judicial estoppel. First, as found above, the Plaintiff was under no duty to list the claims arising from the foreclosure in her prior Chapter 7 case because they had not fully accrued. Second, there is no evidence that the Plaintiff has intentionally misled the Court. Despite the fact that these claims would not have been exempt, the Debtor had no reason to list any of the claims where she had not suffered the harm of foreclosure at the time that she filed her Chapter 7 petition. The Court will deny the Defendant's Motion to Dismiss on the ground of judicial estoppel.

   *C.  The Relief from Stay Order in this Case.*

   The Amended Order Granting Relief from the Automatic Stay in favor of Venus Properties states in part as follows:

> IT APPEARING that VENUS was the successful bidder at a properly conducted foreclosure sale and received a Trustee's Deed on May 28, 2013 for property known as 8106 Horseshoe Cottage Circle, Lorton, Virginia 22079, (hereafter "The property") and more particularly described as Lorton Station South, Lot 46, Section 3, as found among the land records of Fairfax, County, Virginia;

Docket No. 32, pp. 1-2.

This Order was entered without opposition from the Debtor. Chase relies on the "properly conducted foreclosure sale" language of the Order, to argue that the Debtor is collaterally estopped from arguing otherwise at this stage of the case. Chase argues that the Debtor cannot argue that the foreclosure was wrongful, where the Court has already made a finding that it was properly conducted. Hearings on motions to lift the automatic stay are summary in nature, though, and generally do not have a preclusive effect in subsequent litigation. *In re Mullarkey,* 536 F.3d 215, 225 (3d Cir. 2008); *Estate Constr. Co. v. Miller & Smith Holding Co., Inc.,* 14 F.3d 213, 219 (4th Cir. 1994); *Matter of Vitreous Steel Products Co*., 911 F.2d 1223, 1232 (7th Cir. 1990); *Garrett v. BNC Mortg., Inc.,* 929 F. Supp. 2d 1120, 1124 (D. Colo. 2013) ("Relief from the automatic stay is not a final adjudication of a party's ownership interest in property because it requires a party to show only a colorable claim of a lien on estate property in order to prevail"); *In re Hurst*, 409 B.R. 79, 83 (Bankr. D. Md. 2009). There is, therefore, no collateral estoppel effect arising from the Relief from Stay Order with respect to the Plaintiff's Complaint.

## II.     Chase's Rule 12(b)(6) Motion.

Having found that the Debtor does not lack standing for her wrongful foreclosure claims, and that the Debtor is not estopped from maintaining these claims, the Court will address each of the Plaintiff's claims.

A. *Count I – Quiet Title.*

In Count I, the Plaintiff requests that the Court quiet the title of her property. "'[A]n action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title.'" *Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 622 (4th Cir. 2011) (quoting *Maine v. Adams*, 277 Va. 230, 672 S.E.2d 862, 866 (2009)). The Plaintiff must show that she has rights that are superior to others asserting an interest in the property. *Gallant v. Deutsche Bank Nat'l Trust Co.*, 766 F. Supp. 2d 714, 721 (W.D. Va. 2011); *Tapia v. U.S. Bank*, N.A., 718 F. Supp. 2d 689, 700 (E.D. Va. 2010).

The quiet title Count will be dismissed for three reasons. First, the Court already has granted Venus Properties relief from the automatic stay, without opposition from the Debtor, and has dismissed Venus Properties from this lawsuit as a bona fide purchaser of the property at the foreclosure sale. *See supra*, fn. 1. In light of these developments, the Court is unable to fashion effective relief in favor of the Debtor with respect to the title, and Count I is moot. *See In re Shawnee Hills, Inc.*, 125 Fed.Appx. 466, 469 (4th Cir. 2005) (citing *Mac Panel Co. v. Virginia Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002) ("[T]he doctrine of equitable mootness is a pragmatic principle, grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable.")).

Second, the Plaintiff has not alleged that she has fully satisfied the obligations secured by the Deed of Trust in this case. *See Jones v. Fulton Bank, N.A.*, 2013 WL 3788428, at *8 (E.D. Va. 2013) ("To assert a claim for quiet title, the plaintiff must plead that he has fully satisfied all legal obligations to the party in interest"); *Tapia v. U.S. Bank*, 718 F. Supp. 2d 689, 700 (E.D.

10

Va. 2010), *aff'd* 441 F. App'x 166 (4th Cir. 2011). Absent a claim that she has satisfied the obligation in full, the Plaintiff is not in a position to claim that she has superior title.

Third, as more fully explained below, the Court is unable to conclude from the Plaintiff's Complaint that the foreclosure is either void or voidable. Given the Court's disposition on the remaining Counts, below, there is no need to quiet the title to this property. Count I will be dismissed.

B.   Count II – Declaratory Relief.

In Count II, the Plaintiff seeks a declaration that the foreclosure was wrongful. Complaint, ¶ 46. Complaints for declaratory judgment in this area of the law generally have been dismissed for a lack of a case or controversy where the foreclosure has already been completed. *See Greene v. LNV Corp.*, 2013 WL 1652232, at *5 (E.D. Va. 2013); *Gallant v. Deutsche Bank Nat'l Trust Co.*, 766 F. Supp. 2d 714, 719 (W.D. Va. 2011) ("In this case, the foreclosure sale was conducted in April of 2008. Consequently, because 'the alleged wrong or questionable conduct has already occurred (the foreclosure)... declaratory relief is inappropriate'"); *Hammett v. Deutsche Bank Nat'l Co.*, 2010 WL 1225849, at *4 (E.D. Va. 2010); *Merino v. EMC Mortg. Corp.*, 2010 WL 1039842, at *4 (E.D. Va. 2010). As the Court held in *Hammett:*

> [A]s this District recently noted in *Horvath*, a declaratory judgment is an inherently forward-looking mechanism, intended to guide parties' behavior in the future… In this case, as in *Horvath*, Plaintiffs' home has already been foreclosed on, and thus, seeking a declaratory judgment as to Defendants' title and interest in the property is inapposite to the underlying purpose of declaratory relief.

*Hammett*, 2010 WL 1225849, at *4.

Because the Plaintiff alleges that the foreclosure has already occurred, declaratory relief is inappropriate. Count II will be dismissed.

C. *Count III – Negligence.*

In Count III, the Plaintiff alleges that the Defendants "had a duty to exercise reasonable care and skill to maintain proper and accurate loan records… including but not limited [to], accurate crediting of payments made by the Plaintiff." Complaint, ¶ 48. Whatever duties the Defendants had to the Plaintiff, they arise out of the Note and the Deed of Trust and are contractual in nature. The Virginia Supreme Court has repeatedly warned against transforming contract claims into tort claims, noting that the Court must look to the source of the duty. *See Richmond Metropolitan Authority v. McDevitt Street Bovis, Inc.,* 256 Va. 553, 507 S.E.2d 344, 347 (1998) ("In determining whether a cause of action sounds in contract or tort, the source of the duty violated must be ascertained"); *Oleyar v. Kerr, Trustee*, 217 Va. 88, 90, 225 S.E.2d 398, 399-400 (1976) ("If the cause of complaint be for an act of omission or non-feasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract, and not upon tort.") Although a party may be able to show both a breach of contract and a tortious breach of duty, "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Foreign Mission Bd. v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991).

In this case, the source of the duties alleged is purely contractual. The Plaintiff has failed to allege any separate common law duty that would give rise to a claim for negligence in this case. Count III will be dismissed.

D. *Count IV – Unconscionability/Breach of Contract.*

Count IV contains allegations of both unconscionability (Complaint, ¶ 53 – "Plaintiff alleges that the scheme to suddenly accelerate and increase monthly payments by nearly 60% is

usurious, unconconsionable, [and] thus, unenforceable"), and breach of contract ("[Chase] too breached a covenant guarantee to give the borrower defendant [sic] a new loan in lieu of the existing toxic arrangement"). *Id.*, ¶ 55. The Court will address each element of Count IV.

        1.  *Unconsionability.*

      A contract is unconscionable under Virginia law if it is "one that no man in his senses and not under a delusion would make, on the one hand, and [that] no fair man would accept on the other." *Fransmart, LLC v. Freshii Dev., LLC*, 768 F. Supp. 2d 851, 870-71 (E.D. Va. 2011) (quoting *Mgmt. Enters., Inc. v. Thorncroft Co., Inc.,* 243 Va. 469, 473 (1992)). The terms of the contract must be so grossly inequitable that it "shocks the conscience." *Id.*

      Here, although the decision to enter into a loan with a variable interest rate might have been imprudent in hindsight, the Court cannot find that the Plaintiff's loan is an unconscionable contract. The Court has reviewed the Plaintiff's Adjustable Rate Note, which is attached to her Complaint. It states that the Plaintiff borrowed $357,000, with an initial interest rate of 5.999%. It goes on to provide that the first Change Date would be September 1, 2007, two years after the date of the loan. Adjustable Rate Note, ¶ 4(A). At the Change Date, and every six months thereafter, the interest rate on the loan would reset, based on the LIBOR rate plus 4.375 percentage points. *Id.*, ¶ 4(B), (C). Importantly, there are limits on the interest rate adjustments. Section 4(D) of the Adjustable Rate Note provides that, on the first Change Date (i.e., two years out), the interest rate cannot exceed 8.999%. Thereafter, the interest rate cannot be reset more than 1.5% above the previous rate, per Change Date, and it can never exceed 12.999%. *Id.*, ¶ 4(D). Given the cap on changes to the interest rate of 3% for the first change and no more than 1.5% for subsequent changes, and given the overall cap of 12.999%, the Court cannot find that this loan is unconscionable.

2.  *Breach of Contract.*

Count IV of the Plaintiff's Complaint contains two elements of breach of contract – that of "failing to keep accurate records of all income received, credited, charges and payment histories," and that of a breach of "covenant guarantee to give the borrower defendant [sic] a new loan in lieu of the existing toxic arrangement". Complaint, ¶ 55. First, it is not clear to the Court what records the Plaintiff alleges Chase should have kept, nor is it clear to the Court how the Plaintiff was harmed by Chase's alleged failure to keep these records. These allegations are too vague to state a cause of action.

The latter allegation – that of breach of a contract to make a loan to the Plaintiff on more generous terms – is the heart of the Plaintiff's Complaint. It is from this allegation that all of the allegations of a wrongful foreclosure follow. First, the Plaintiff does not allege that there was a writing. An oral agreement to lend money or extend credit in the amount of $25,000 is not enforceable. Va. Code § 11-2(5). More fundamentally, the Plaintiff fails to allege that there was a meeting of the minds on the essential terms of a loan modification. The essence of the Plaintiff's claim is that Chase told her: "we *guarantee* that you will receive a loan modification and fix this problem. You have nothing to worry about. We do this all the time in loans like yours." Complaint, ¶ 20 (emphasis in original). She alleges that, in reliance on this, she applied for a loan modification. *Id.*, ¶ 21. She was requested to submit a hardship letter, and additional financial documents. *Id.* "Then on or about July 20, 2011, plaintiff was flatly and unequivocally denied." *Id.* The Plaintiff fails to allege that Chase agreed to any specific terms with respect to a loan modification. For example, the Plaintiff fails to allege what the interest rate would be under the new loan. She fails to allege the term of the new loan, whether the term would be for 20 years, or for 30 years. She fails to allege that whatever arrearages she may have had either would

be forgiven, or would be added to the principal balance of the loan and if so, whether the

arrearages would bear interest, or not. The Plaintiff fails to allege anything other than that Chase

stated it would give her a loan modification. She does not allege that there was an actual loan

modification. The Plaintiff's allegations assert nothing more than an agreement to agree. The

allegations do not support a claim of breach of contract because the Plaintiff fails to allege that

she came to terms with Chase on any of the essential elements of a loan modification. *See*

*Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 777 (4th Cir. 2013) (applying Maryland law,

and holding that lender's conduct in processing an application for a loan modification was not

sufficient to constitute a meeting of the minds); *Mcinnis v. BAC Home Loan Servicing, LP*, 2012

WL 383590, at *7-8 (E.D. Va. 2012) (facts alleged did not support a claim for breach of contract

for a loan modification). Count IV will be dismissed.

E.   *Count V – "Violation of the Virginia Fair Debt Collection Practices Act."*

Count V purports to state violations of the "Virginia Fair Debt Collection Practices Act."

There is no such Virginia statute. Assuming that the Plaintiff meant to state a claim under the

federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*), the Plaintiff fails to allege

that Chase is a debt collector. The FDCPA defines a "debt collector" as "any person ... who

regularly collects or attempts to collect, directly or indirectly, *debts owed or due or asserted to*

*be owed or due another.*" 15 U.S.C. § 1692a(6) (emphasis added).

It is well established in this Circuit that mortgage servicers are not debt collectors within

the meaning of the FDCPA. *See Lee v. Wells Fargo Home Mortg.,* 2013 WL 6561783 (W.D. Va.

2013); *McPhail v. Wells Fargo Dealer Services,* (E.D. N.C. 2013); *Jesse v. Wells Fargo Home*

*Mtge,* 882 F. Supp. 2d 877 (E.D. Va. 2012); *Blick v. Wells Fargo Bank, N.A.,* 2012 WL 1030137

(W.D. Va. 2012); *Ruggia v. Wash. Mut.,* 719 F. Supp. 2d 642, 648 (E.D.Va. 2010), *aff'd* 442 Fed.

App'x 816 (4th Cir.2011) (per curiam) ("creditors, mortgag[ees], and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA.") Accordingly, Count V will be dismissed.

>    *F.   Count VI – Fraud and Deceit.*

Count VI seeks to state a claim for fraud and deceit. As noted above, a claim for fraud requires allegations of: "'(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Bank of America, N.A. v. Sands*, 488 Fed.Appx. 704, 708 (4th Cir. 2012) (quoting *Nationwide Ins. Co. v. Patterson*, 229 Va. 627, 331 S.E.2d 490, 492 (1985)). Fraud must be plead with particularity. Bankruptcy Rule 7009 (incorporating F.R. Civ. P. 9(b)). Rule 9(b) requires that the Plaintiff plead the circumstances of the alleged fraud, including "'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013) (quoting *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir.1999)).

The Plaintiff's allegations supporting Count VI are the same as her allegations for breach of contract under Count IV. The Plaintiff alleges that Chase stated in 2007: "if you stop paying your mortgage payments for at least 90 days we guarantee that you will qualify for and receive a loan modification and a new note with better terms [than] the one you now have with guaranteed lower monthly payments." Complaint, ¶ 61. She further alleges that she was told "in or about

September 3, 2010, July 20, 2011" [sic] that she was not qualified, and the "'guarantee' was suddenly and unilaterally rescinded." *Id.*[6]

The Plaintiff alleges that the foreclosure sale was conducted on May 28, 2013, and that a Trustee's Deed was recorded on August 15, 2013. Complaint, ¶¶ 28 and 30. It is difficult to see a causal connection between what was represented to her in July 2007 and the foreclosure in May 2013. But, at bottom, the Plaintiff alleges a failed attempt at a loan modification. She does not allege that she and Chase ever agreed upon the essential terms of a loan modification – the interest rate, the term, nor the treatment of arrearages. "The denial of a requested loan modification is not a false representation of existing fact." *Schmidt v. Wells Fargo Home Mortg.,* 2011 WL 1597658, at *5 (E.D. Va. 2011).

This case can be distinguished from that of *Morrison v. Wells Fargo Bank, N.A.*, 2014 WL 198666 (E.D. Va. 2014), where a bank employee allegedly told the Plaintiff that his home would not be foreclosed on a date certain, and then the lender went ahead with the foreclosure anyway. *See also Matanic v. Wells Fargo Bank, N.A.*, 2012 WL 4321634 (E.D. Va. 2012) (specific allegations of willingness to stop a foreclosure). In this case, the Plaintiff does not allege that she was told at any time by a Chase representative that Chase would not proceed with the foreclosure of May 28, 2013.

Count VI will be dismissed.

---

[6] Oddly, the Plaintiff alleges that: "The former payment was $2,140.47. The reduced sum was to be reduced to a sum of about $3,500." Complaint, ¶ 62.

G.  *Count VII – Fair Debt Collection Practices Act.*

Count VII is duplicative of Count V, which the Court construed as having been plead

under the federal Fair Debt Collection Practices Act. Count VII will be dismissed for the same

reason that Count V is being dismissed – Chase is not a debt collector under the Act.

H.  *Count VIII – Equitable Accounting.*[7]

In Count VIII, the Plaintiff seeks an equitable accounting from Chase "of her entire loan

account," in order "to determine the correct amount of the loan, note, payments made,

overcharges," and other matters related to the loan. Complaint, ¶ 69. Pursuant to Code § 8.01–31

(Accounting in Equity), "[a]n accounting in equity may be had against any fiduciary." However,

the Plaintiff has not alleged that Chase acted as a her fiduciary. Accordingly, the Plaintiff does

not state a claim for an equitable accounting.

If Chase were to file a proof of claim in the Plaintiff's bankruptcy case, the Debtor could

object to the claim, and she would be entitled to discovery pursuant to Bankruptcy Rules 9014(c)

and the discovery rules of Bankruptcy Rule 7026, *et seq.* Alternatively, the Debtor could seek

information from Chase under Bankruptcy Rule 2004. Here, the Plaintiff has not shown any right

to an equitable accounting as a stand-alone cause of action. Count VIII will be dismissed.

I.  *Count IX – Wrongful Foreclosure.*

Virginia does not recognize a separate cause of action for wrongful foreclosure.  *See Hien*

*Pham v. Bank of New York,* 856 F. Supp. 2d 804, 811 (E.D. Va. 2012); *Sheppard v. BAC Home*

*Loans Servicing, LP,* 2012 WL 204288, at *7 (W.D. Va. 2012) (questioning whether Virginia

---

[7]   Both the Plaintiff's claim for alleged violations of the Fair Debt Collection Practices Act and for an Equitable Accounting are labeled Count VII. Accordingly, the Court will treat the claim for an Equitable Accounting as Count VIII, and the subsequent Counts will be one number above the number assigned to them in the Complaint. There is no Count IX in the Complaint, though there is a Count VIII (Wrongful Foreclosure) and a Count X (Setting Aside the Foreclosure). There is also a supplemental Count VI, which contains a request for either a Temporary Restraining Order or a Preliminary Injunction, addressed below.

would recognize a cause of action for wrongful foreclosure). This is not to say that homeowners are entirely without remedies when they have been the subject of wrongful conduct by their lenders. Rather, the foreclosure can be evidence of damages to the homeowner, not a separate cause of action.

Even if Virginia were to recognize a separate cause of action for wrongful foreclosure, this Count would fail for the same reasons that the Plaintiff's breach of contract and fraud claims fail – the Plaintiff fails to allege either that Chase agreed to specific terms for a loan modification, or that Chase specifically told her that it would forbear from foreclosing while her application for a loan modification was pending (in fact, the Plaintiff alleges that she was told in either September or July 2010 that she would not qualify for a loan modification. Complaint, ¶ 61).  Her references to "invidious discrimination based on race, color and national origin" (Complaint, ¶ 72), and the alleged business practice of Chase "to steal homes from minorities" (*Id.*, ¶ 73) are just too vague to be legally actionable. Count IX will be dismissed.

*J.  Count X – Rescission.*

Count X seeks the "Setting Aside of the Sale and Reformation of the Deeds into Plaintiff as the True Owner," *i.e.*, a claim for rescission of the Trustee's Deed. The equitable remedy of rescission is not available in this case, for three reasons. First, as found above, the Plaintiff has not stated any viable legal claims for which the equitable remedy of rescission would be available. Second, the Court has already granted Venus Properties' Motion to Dismiss, finding that Venus was a good faith purchaser under Virginia Code § 55-59.1(C).

Third and finally, rescission requires that the Plaintiff be in a position to restore the Defendant to the *status quo ante*. *See Nahigian v. Juno-Loudoun, LLC,* 677 F.3d 579, 591 (4th Cir. 2012) (rescission under Interstate Land Sales Act); *American Mortgage Network v. Shelton*,

486 F.3d 815, 820 (4th Cir. 2007) (rescission under Truth in Lending Act); *Schmidt v. Household*

*Finance Corp., II,* 276 Va. 108, 661 S.E.2d 834 (2008). In *Schmidt*, the Virginia Supreme Court

held:

> One of the first principles with respect to the rescission of a contract is that, in seeking a remedy which calls for the highest and most drastic exercise of the power of a court of chancery - to annul and set at naught the solemn contracts of parties - there must be first a sufficient averment of facts showing the plaintiff entitled in equity to the relief which he seeks, and satisfactory proof of these facts, to justify the interposition of the court; and in addition to all this the court must be able substantially to restore the parties to the position which they occupied before they entered into the contract.

661 S.E.2d at 837 (quoting *Bonsal v. Camp*, 111 Va. 595, 599, 69 S.E. 978, 979 (1911)).

Whether or not this would require a tender of the entire loan balance does not need to be

decided here. The Plaintiff alleges that she was told on or about July 6, 2007, not to pay her

mortgage payments for 90 days. Complaint, ¶ 61. Fairly read, the Complaint alleges that the

Plaintiff has missed at least 3 monthly mortgage payments (and it is not alleged whether she has

made any monthly mortgage payments in the intervening six and one-half years). Absent an

allegation made in good faith that the Plaintiff has the ability to make up the missed monthly

mortgage payments, she is not in a position to demand rescission of the Trustee's Deed. Count X

will be dismissed.

### III.    The Plaintiff's Request for a Preliminary Injunction Will be Denied.

Finally, the Plaintiff includes in her Complaint a request for a preliminary injunction. A

plaintiff seeking a preliminary injunction must show that: (1) she is likely to succeed on the

merits; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3)

that the balance of equities tips in her favor; and (4) that an injunction is in the public interest.

*Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008). It is not enough that

the Plaintiff's chances of success be "better than negligible;" more than a mere possibility of

relief is required. *Nken v. Holder,* 556 U.S. 418, 434 (2009) (noting the similarities between the standards for a preliminary injunction, and the standards for granting a stay pending appeal). In this case, for the reasons stated above, the Court finds that the Plaintiff has not met her burden to show a likelihood of success on the merits.

Further, because the Court has dismissed Venus Properties as a bona fide purchaser of the Property, the Court cannot fashion any equitable relief and the Plaintiff's request for an injunction relating to the Property is equitably moot. *See Riley v. Robey,* 25 Fed.Appx. 149, 152 (4th Cir. 2002) ("When a debtor fails to obtain a stay of an order lifting an automatic stay, thus allowing the creditor to foreclose and a sale to a good faith purchaser to be effected, the foreclosure renders moot any bankruptcy appeal concerning the propriety of the lifting of the stay or the validity of the sale, as the court lacks a proper remedy."); *Farmers Bank v. Kittay (In re March)*, 988 F.2d 498, 499 (4th Cir.1993).

The Plaintiff's request for a preliminary injunction will be denied.

### Conclusion

For the foregoing reasons, the Court will order:

1.      The Motion to Dismiss will be granted for lack of standing, with respect to all damages claimed for the period prior to November 12, 2012. The Motion to Dismiss for lack of standing otherwise will be denied.

2.      The Motion to Dismiss on the ground of judicial estoppel will be denied.

3.      The Motion to Dismiss will be denied on the ground that the Relief from Stay Order in the Debtor's main case in favor of Venus Properties found that the foreclosure was "properly conducted."

4.     The Motion to Dismiss pursuant to Bankruptcy Rule 7012 (incorporating Rule 12(b)(6) of the Federal Rules of Civil Procedure) will be granted, and the Complaint will be dismissed.

5.     The Plaintiff's request for a preliminary injunction will be denied.

6.     The Plaintiff is advised that she may appeal this Order by filing a Notice of Appeal with the Clerk of the Bankruptcy Court within 14 days of the entry of this Order.

A separate Order shall issue.

Date: Jan 27 2014                          /s/ Brian F. Kenney
                                           Brian F. Kenney
Alexandria, Virginia                       United States Bankruptcy Judge

                                           Entered on Docket: January 27, 2014

Copies to:

Elisa Rivera
8106 Horseshoe Cottage Circle
Lorton, VA 22079
Debtor/Plaintiff, *pro se*

Todd David Ross, Esquire
Womble Carlyle Sandridge & Rice, LLP
8065 Leesburg Pike, 4th Floor
Tysons Corner, VA 22182
Counsel for the Defendant JP Morgan Chase Bank, N.A.

Richard G. Hall
7369 McWhorter Place
Suite 412
Annandale, VA 22003
Counsel for Defendant Venus Properties, LLC